UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL AUMULLER

     Petitioner,

v.                                                    CASE NO. 8:12-cv-389-T-23EAJ

SECRETARY, Department of Corrections,

     Respondent.

_____/

## O R D E R

Michael Aumuller applies for the writ of habeas corpus under 28 U.S.C.

§ 2254 (Doc. 1) and challenges the validity of his state conviction for first-degree

murder.  Aumuller alleges one ground of trial court error and one ground of

ineffective assistance of trial counsel.  An earlier order (Doc. 28) denies as

procedurally barred the allegation of trial court error,[1] which order Aumuller

successfully contested under Rule 59(e), Federal Rules of Civil Procedure.[2]  Another

earlier order (Doc. 33) directs Aumuller to show cause why the court should not deny

as unexhausted and procedurally barred the allegation of trial court error.  Aumuller

responded (Doc. 34), the respondent filed a supplement response (Doc. 40), and

---

[1] The earlier order (Doc. 28) denies on the merits the allegation of ineffective assistance of trial counsel.

[2] The Rule 59(e) motion was denied regarding the allegation of ineffective assistance of trial counsel. (Doc. 33)

Aumuller replied.  (Doc. 41)  This order renders moot Aumuller's motion (Doc. 38) to rule on the merits of his federal application.

**Ground One**

Aumuller contends that the trial judge's rejecting a jury instruction on intervening cause violated his federal constitutional right to due process.  As discussed in the earlier order (Doc. 28) Aumuller procedurally defaulted this claim because on direct appeal he argued only a violation of state law.  In his response (Doc. 34, pp. 1–2) Aumuller argues that "[a]ny alleged procedural default should be excused because [he] is actually innocent of murder and because the claim in ground one involves a fundamental miscarriage of justice."

A fundamental miscarriage of justice occurs if a constitutional violation has probably resulted in the conviction of someone who is actually innocent.  *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).  This exception requires an applicant's "actual innocence."  *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001).  To meet the "fundamental miscarriage of justice" exception, Aumuller must show constitutional error coupled with "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial."  *Schlup*, 513 U.S. at 324.  A tenable actual innocence claim is rare because "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial

unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1936 (2013) (quoting *Schlup*, 513 U.S. at 316). The new evidence must show "that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt . . . ." *House v. Bell*, 547 U.S. 518, 538 (2006). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Aumuller argues (Doc. 34, p. 4) "that the new evidence supplied in pages 3–9 of his memorandum (Doc. 2) establishes an eminently reasonable basis to conclude that heroin was not, in fact, the cause of death at all. There was testimony that improper cardiopulmonary resuscitation (CPR) also could have caused death, further establishing the necessity of the 'intervening cause' instruction." The "new evidence" in Aumuller's memorandum in support of his federal application consists of Aumuller's speculation that "heroin did not cause [the victim's] death" and that "from a legal position the State's expert['s] opinion is invalid." (Doc. 2, pp. 6, 8) Aumuller bases his opinion on his own research in medical treatises and dictionaries. This "new evidence" challenges the sufficiency of the state's evidence at trial. The evidence does not show that Aumuller is factually innocent of his crimes. *Bousley*, 523 U.S. at 623. Consequently, Aumuller cannot satisfy the fundamental miscarriage of justice exception to overcome the default of the allegation of trial court error asserted in ground one.

Alternatively, a merits review of ground one affords Aumuller no relief. "State court jury instructions ordinarily comprise issues of state law and are not subject to federal habeas corpus review absent fundamental unfairness." *Jones v. Kemp*, 794 F.2d 1536, 1540 (11th Cir. 1986). When a federal habeas applicant uses a collateral proceeding to challenge an allegedly improper jury instruction, the applicant bears the burden of demonstrating that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (quotation omitted). When, as here, the applicant does not claim that an erroneous instruction was given, but instead challenges the failure of an instruction to further explain an element of the offense, his burden is "especially heavy" because "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." 431 U.S. at 155. A federal habeas court reviewing a challenged instruction must consider the instruction in the context of both the remainder of the jury instructions, understood as a whole, and the remainder of the trial record. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). "A defective jury charge raises an issue of constitutional dimension only if it renders the entire trial fundamentally unfair." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983).

The state appellate court concluded that Aumuller demonstrates no entitlement to a jury instruction on intervening cause:

> Michael Aumuller challenges his conviction for first-degree murder by drug distribution in violation of section 782.04(1)(a)(3), Florida Statutes (2001). He raises two issues on

appeal. We reject the first issue because the trial court properly denied Aumuller's request for a jury instruction regarding a break in the chain of causation and we write to explain our reasoning.

. . . .

The associate medical examiner who performed the autopsy testified that she determined from the toxicology reports that the cause of death was heroin toxicity. [The victim] may have been alive when CPR was performed. The doctor could not determine the amount of heroin injected or the time when it was injected. The doctor did not know if improper CPR attempts could have contributed to the death.

. . . .

During the charge conference, the parties disagreed on whether the jury instruction for the murder charge should include mention of intervening factors. [FN2]. Aumuller submitted a written request for an instruction, which provided, in part: "[T]he State must prove that there was no break in the chain of circumstances beginning with the felony and ending with the murder. If there is a break in the chain of events between the felony and the killing, the felony murder rule does not apply." The State opposed the requested instruction and took the position that the jury instructions should not mention "intervening cause" because it was a confusing term and it was not applicable to this case. The trial court ruled that "to the extent [the requested instruction] talks about breaking the chain of events, that is inappropriate to this case."

> FN2. There is no standard jury instruction for first-degree murder by drug distribution.

The instruction given to the jury relating to causation provided:

> [T]he State must prove the following three elements beyond a reasonable doubt:
>
> One, [the victim] is dead.
>
> Two, the death resulted from the unlawful distribution of any substance controlled under Florida Statute 893.03(1) by Michael Aumuller, a person 18 years of age or older.

- 5 -

> Three, the drug was the proximate cause of the
> death of [the victim].
>
> . . . .
>
> The State is required to prove the heroin was the
> proximate cause of the death. This means you
> must find that the heroin was the primary or
> moving cause in producing the death, and
> without it, the death would not have happened.

Aumuller argues on appeal that there was some evidence to
support his theory of a break in the causal link between his
involvement and the death of [the victim], which would support
the giving of his requested instruction. The State argues that
there is no authority for Aumuller's proposed instruction and
there was no evidence to support the instruction.

. . . .

The State was required to show that the heroin was the
proximate cause of the death. In addition, the State was
required to prove linkage or causation between the distribution
and the death. The jury was properly instructed that the State
must prove that "the death resulted from the unlawful
distribution of any substance." This instruction was adequate.

In support of his assertion that he was entitled to the requested
instruction, Aumuller relies on this court's statements in *Allen v.
State*, 690 So. 2d 1332 (Fla. 2d DCA 1997), which addresses
causation in the felony murder context. *Allen* concerns the
sufficiency of evidence for third-degree murder based on the
underlying felony of grand theft of a motor vehicle. The
defendant was driving a stolen car when it crashed into the car
driven by the decedent. *Id*. at 1333. In reversing the third-degree
murder conviction, this court determined that there was a break
in the chain of circumstances beginning with the felony and
ending with the killing, and the defendant was not engaged in
the commission of the grand theft at the time of the car crash.
*Id*. at 1334.

In contrast to the third-degree murder offense at issue in *Allen*,
the first-degree murder offense here has been described as "an
unusual form of felony murder." *Pena v. State*, 829 So. 2d 289,

- 6 -

294 (Fla. 2d DCA 2002). The unusual characteristics of the offense were discussed in *Pena*:

> The offense described in section 782.04(1)(a)(3), however, is an unusual form of felony murder. The defendant does not need to intend an act of homicide. In fact, the defendant does not even need to possess knowledge of the drug overdose or to be present when it occurs. If the defendant unlawfully distributes an illegal drug and the distribution results in a death caused by the drug, then the defendant is guilty of first-degree murder under section 782.04(1)(a)(3).

829 So. 2d at 294.

> Here, the medical evidence showed that the cause of death was heroin toxicity. When the conflicting evidence surrounding the actual distribution of the heroin is taken in a light favorable to Aumuller, the roles of [Aumuller's two associates] in providing the heroin to [the victim] do not serve as intervening acts to merit the requested instruction. This is so because a person commits the offense by acting as a distributor in the drug distribution chain, and it is irrelevant that other persons are also involved in the chain. *See Martin v. State*, 377 So. 2d 706 (Fla.1979). We therefore conclude that because there was no evidence to support an intervening cause theory, the trial court's denial of the requested instruction was not an abuse of discretion.

*Aumuller v. State*, 944 So. 2d 1137, 1141–42 (2d DCA 2006).

Aumuller's claim involves a state court's interpretation of its own law. The decision of the state appellate court on this state law issue binds the federal court. *See Carrizales*, 699 F.2d at 1055 (finding that the Florida Supreme Court's determination that the trial court correctly refused to give a requested jury instruction under Florida law is binding on the federal habeas court). Aumuller does not establish (1) that the failure to give the intervening cause instruction rendered his entire trial fundamentally unfair, *Carrizales*, 699 F.2d at 1055, and (2) that the state court's

- 7 -

rejection of his trial court error claim was contrary to, or an unreasonable application of, clearly established federal law.  Consequently Aumuller is entitled to no federal habeas relief on ground one.

Accordingly, Aumuller's application for the writ of habeas corpus (Doc. 1) is **DENIED**.  Aumuller's motion to rule on the merits of his federal application (Doc. 38) is **DENIED AS MOOT**.  The clerk must enter a judgment against Aumuller and close this action.

**DENIAL OF BOTH A
CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Aumuller is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Aumuller must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).  Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Aumuller is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

- 8 -

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Aumuller must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on July 18, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE